NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GUILLERMO HIJAR ORTA, AKA
Guillermo Higar, AKA Juan Chavez,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-70325

Agency No. A095-752-399

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023**

Before:    FERNANDEZ, FRIEDLAND, and H.A. THOMAS, Circuit Judges.

Guillermo Hijar Orta, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We lack jurisdiction to review the BIA's denial of cancellation of removal as a matter of discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (where the agency denies a form of relief listed in 8 U.S.C. § 1252(a)(2)(B)(i), federal courts have jurisdiction to review constitutional claims and questions of law, but not factual findings and discretionary decisions). The petition does not raise a colorable legal or constitutional claim over which we retain jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D). We do not address Orta's hardship contentions because the BIA did not deny relief on this ground. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA). Thus, we dismiss the petition for review as to Orta's cancellation of removal claim.

We do not consider the materials Orta references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

**PETITION FOR REVIEW DISMISSED.**